```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ALEXANDER JAYANTY,                            :
                                              :         **MEMORANDUM AND ORDER**
                        Plaintiff,            :         17-CV-1673 (DLI)(LB)
                                              :
        -against-                             :
                                              :
ST. GEORGE'S UNIVERSITY, LTD., SGU            :
LTD d/b/a ST. GEORGE'S UNIVERSITY, and        :
UNIVERSITY SUPPORT SERVICES LLC,              :
                                              :
                        Defendants.           :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

On March 27, 2017, plaintiff Alexander Jayanty ("Plaintiff") initiated the present action against St. George's University, Ltd. and SGU Ltd. d/b/a St. George's University (collectively, "SGU") and University Support Services, LLC ("USS") (together, with SGU, "Defendants"). (*See* Complaint ("Compl."), Dkt. Entry No. 1.) Plaintiff alleges that Defendants discriminated against him for having attention deficit hyperactivity disorder ("ADHD") and that Defendants retaliated against him when he complained of the discrimination.

On May 31, 2017, SGU moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (*See* Motion to Dismiss ("Mot."), Dkt. Entry No. 14.) On June 21, 2017, Plaintiff opposed the motion, and, in the alternative in the event that the Court found service insufficient, moved for an extension of time to serve SGU, and, in the alternative to that, moved for limited discovery on the issue of jurisdiction. (*See* Motion for Discovery and Extension of time to serve summons and complaint ("Opp."), Dkt. Entry No. 18.) On July 5, 2017, SGU replied and opposed Plaintiff's cross-motions. (*See* Reply in Support and in Opposition to Plaintiff's Motion for an Extension of Time and Discovery ("Reply"), Dkt. Entry No. 20.)

For the reasons set forth below, SGU's motion to dismiss is denied and Plaintiff's motion for limited discovery on the issue of jurisdiction is denied as moot. Plaintiff's motion for an extension of time to serve SGU is granted. Plaintiff has until April 30, 2018 to serve SGU properly.

## BACKGROUND

Plaintiff has ADHD and a learning disorder related to processing speed weaknesses, both of which he treats with medications. (Compl. at ¶¶ 12, 17.) From April 1, 2011 to November 25, 2016, Plaintiff was enrolled in SGU's Academic Enhancement Program for students with academic deficiencies. (*Id*. at ¶ 12-13, 61.) Upon matriculating at SGU's medical school in August 2011, Plaintiff disclosed his ADHD diagnosis and requested disability accommodations. (*Id.* at ¶ 12.)

Plaintiff's discrimination complaints began during his first clinical rotation. (*Id*. at ¶ 19.) Plaintiff alleges that there were no disability accommodations provided, including an onsite mentor, feedback as quickly as reasonably possible regarding any problematic behavior or adverse communication issues, protected time each week to meet with healthcare providers, and advanced notice of lecture subject matter and required readings. (*Id.* at ¶¶ 62-74). Plaintiff alleges that SGU failed to consult with clinical directors and Plaintiff regarding the accommodations he would need, his functional limitations, and their impact on completing the requirements of the rotation. (*Id.* at ¶ 70.) Plaintiff alleges that, because of SGU's failure to provide these accommodations, he received several failing grades. (*Id.* at ¶¶ 71-72.) On November 25, 2016, Plaintiff was dismissed from SGU. (*Id.* at ¶ 61.)

Plaintiff filed this action against Defendants on March 27, 2017. Plaintiff served USS through the New York Secretary of State. (Opp. at 4.) Plaintiff attempted to serve SGU by delivering the complaint to Dr. Daniel Ricciardi ("Ricciardi"), who is listed in the SGU School of

Medicine Handbook as "Dean of Clinical Studies, United States." (*Id.*) Plaintiff left the complaint with Ricciardi's front desk assistant at his private practice, which is not affiliated with SGU. (Mot. at 4.)

SGU moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Plaintiff opposes the motion, asserting that service was proper because Ricciardi is a "managing or general agent" of SGU. In the event that this Court finds that service was improper, Plaintiff seeks limited discovery on the issue or an extension of time to serve SGU.

## DISCUSSION

### I. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss a complaint based on inadequate service of process. When a defendant moves to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5), "'the plaintiff bears the burden of establishing that service was sufficient.'" *Allstate Ins. Co. v. Rosenberg*, 771 F. Supp.2d 254, 260 (E.D.N.Y. 2011) (quoting *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010)).

Federal Rule of Civil Procedure 4 governs service of process. A corporation may be served either by "following state law" or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h) (referencing Fed R. Civ. P. 4(e)(1)). New York state law permits service on a corporation through the New York Secretary of State or by personally delivering the summons to an "officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). Thus, the applicable state law governing personal service on a corporation "circles back to Rule 4 as [it] is based on the same language in Rule 4, and it is

3

therefore appropriate to construe the provisions *in pari materia*." *Cooney v. Barry Sch. of Law*, 994 F. Supp.2d 268, 270 (E.D.N.Y. 2014).

The official commentary to § 311(a) defines "managing or general agent" as "one who is empowered with supervisory authority and possesses judgment and discretion to take action on behalf of the corporation." N.Y. C.P.L.R. § 311 (Official Commentary C311:1). Furthermore, "[t]o be a managing agent does not necessarily require the authority to act with respect to the entire corporate enterprise. The manager of a branch office has been held to qualify." *Id.* (citing *Green v. Morningside Heights Housing Corp.,* 13 Misc.2d 124 (Sup. Ct. N.Y. Co. 1958), *aff'd* 7 A.D.2d 708 (1st Dep't 1958).

Under Federal Rule of Civil Procedure Rule 4(m), if plaintiff shows good cause for the failure to serve the complaint within 90 days, the court must grant plaintiff an extension of time to serve defendant. A district court may grant an extension in the absence of good cause, but it is not required to do so. *Zapata v. City of New York,* 502 F.3d 192, 197 (2d Cir. 2007).

## II. Service on Ricciardi Was Not Proper

Plaintiff asserts that Ricciardi is a general agent and managing agent for SGU because he secures dozens of hospitals on behalf of SGU for clinical rotations and is involved in negotiating those contracts. (Opp. at 6.) Additionally, Plaintiff alleges that Ricciardi hires faculty and evaluates their performance, coordinates with other deans of the university, helps choose programs for students, and supervises students. (*Id.*)

Plaintiff has failed to meet its burden that Ricciardi was a managing or general agent of SGU. While Plaintiff alleges facts suggesting that Ricciardi had a supervisory role at the medical college, Plaintiff alleges insufficient facts demonstrating that Ricciardi made corporate decisions. Rather, Ricciardi's job duties, as described by Plaintiff, are squarely within the scope of a coordinator of clinical studies at a medical college within a larger university. *But See Kouk v. St.*

4

*George's University*, Index No. 507476/17, (N.Y. Sup. Ct, Kings Co., Jan. 31, 2018) (finding that service on Ricciardi was proper because "service upon 'an officer, director, managing or general agent'" is proper, but without presenting a factual analysis of whether Ricciardi is a managing or general agent of SGU.).

Moreover, even if the Court found that Ricciardi was a general or managing agent of SGU, Plaintiff did not serve Ricciardi, he served Ricciardi's private practice front desk assistant. (Mot. at 4.) While New York courts permit a flexible approach to serving a corporation, known as redelivery, in which a company employee not authorized to accept service forwards the papers to one who is authorized to accept service, that is not the case here. *See McDonald v. Ames Supply Co.*, 22 N.Y. 2d 111 (1968); *Melkaz Int'l Inc. v. Flavor Innovation Inc.,* 167 F.R.D. 634, 641–42 (E.D.N.Y. 1996). The front desk assistant at Ricciardi's private practice in Brooklyn was not an employee of, nor affiliated with, SGU, and, thus, cannot be expected to forward the papers to one authorized to accept service on behalf of SGU.

**III. Plaintiff Is Granted an Extension of Time to Serve SGU**

Where service of process is insufficient, courts have broad discretion in determining whether to dismiss an action or to retain the case, but quash service. *Montalbano v. Easco Hand Tools, Inc.,* 766 F.2d 737, 740 (2d Cir. 1985). Service ordinarily will be quashed and the action preserved where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly. *Id.*

There is no indication that Plaintiff will not be able to serve SGU properly. Plaintiff has not been delinquent or tardy in its efforts to serve Defendants: Plaintiff properly served USS through the New York Secretary of State and Plaintiff attempted to serve SGU through a school administrator.

Plaintiff intends to remedy service on SGU by serving Dr. Stephen Weitzman

5

("Weitzman"), the New York based dean of the SGU school of medicine. (Opp. at 7.) SGU asserts that service upon Weitzman would be improper, and, that, the only way to serve SGU properly would be to serve SGU in Grenada. (Reply at 8.)

The Court does not agree that Plaintiff would have to leave the Northern Hemisphere to serve SGU properly. As stated above, the official commentary to CPLR § 311 states, that, "[t]o be a managing agent does not necessarily require the authority to act with respect to the entire corporate enterprise. The manager of a branch office has been held to qualify." N.Y. C.P.L.R. § 311 (Official Commentary C311:1).

While the Second Circuit Court of Appeals has not addressed the issue directly, district courts in the Second Circuit, the Fifth Circuit Court of Appeals, and the D.C. Circuit Court of Appeals have held that where "a corporation's business is so substantial as to render the corporation amenable to suit in the state, its principal agent in charge of activities within that state meets the test of a managing agent." *Lone Star Package Car Co. v. Baltimore & O. R. Co.,* 212 F.2d 147, 152 (5th Cir. 1954). *See also Mut. Int'l Exp. Co. v. Napco Indus., Inc.,* 316 F.2d 393, 397 (D.C. Cir. 1963) ("[S]ervice on the resident agent satisfies the managing agent requirement of Rule 4(d)(3) since service on an agent in charge of business of a company sufficient to satisfy the requirements of 28 U.S.C. § 1391(c) is service on a managing agent under Rule 4(d)(3)."); *Raul Int'l Corp. v. Nu-Era Gear Corp.,* 28 F.R.D. 368, 372–73 (S.D.N.Y. 1961) ("where the operations of the corporation within the jurisdiction are sufficiently extensive to make it amenable to service there, delivery of the summons to the highest ranking person who is in charge of those operations within the state will be effective."); *Eutectic Corp. v. Curtis Noll Corp.,* 342 F. Supp. 761, 764 (D. Conn. 1972) (extending the rule beyond the "man in charge," to an individual who "was clearly a responsible party in charge of a substantial phase of the defendant's Connecticut operations . . .

6

He was clearly one so integrated with the organization that he will know what to do with the papers.").

SGU's operations in New York are substantial and subject to jurisdiction by this Court, which SGU does not dispute. Weitzman is the dean of SGU's school of medicine. He is listed first under the subheading "Administration" in the SGU school of medicine brochure attached to both the complaint and SGU's motion to dismiss.[1] The Court finds that Plaintiff need not travel to Grenada to serve SGU, when Weitzman, the head administrator of SGU's medical school, is located in New York.

## CONCLUSION

For the foregoing reasons, SGU's motion to dismiss is denied. Service upon Ricciardi is quashed and Plaintiff's motion for an extension of time to serve SGU is granted. Plaintiff's motion for limited discovery is moot. Plaintiff has until April 30, 2018 to effectuate proper service on SGU.

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge

---

[1] A court is entitled to consider the terms of any documents attached to or referenced in the complaint. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991).